UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Simon Owusu Danquah,

        Plaintiff,

  v.

Target Corporation et al.,

        Defendants.

Case No. 20-cv-2105 (WMW/KMM)

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

---

This matter is before the Court on Defendants' motion to dismiss Plaintiff Simon Owusu Danquah's amended complaint. (Dkt. 11.) Defendants Target Corporation (Target) and Defendants Carrie R., Jamie K. and Brian (collectively, the Individual Defendants) move to dismiss the amended complaint for failure to state a claim on which relief can be granted. In the alternative, Defendants move for an order requiring Danquah to provide a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P. For the reasons addressed below, the Court grants Defendants' motion to dismiss.

## BACKGROUND

Danquah is a resident of Minnesota and former employee of Target. Target is a retail corporation with its headquarters in Minneapolis, Minnesota. The Individual Defendants are Target employees who worked with Danquah.

Danquah, who worked for Target from September 1, 2019, through December 2, 2019, alleges that he was treated differently during his employment because of his race, national origin or color, and that his employment was terminated for discriminatory

reasons.  Prior to the termination of Danquah's employment, Target put Danquah on a

performance improvement plan, even though "he was not the worst performer."  Danquah

alleges that he addressed this "clear harassment" with his supervisor, to whom Danquah

complained that Caucasian employees were treated better than he.  Danquah alleges that,

after complaining to his supervisor, the supervisor created a hostile work environment.[1]

Danquah commenced this employment-discrimination lawsuit, alleging violations

of Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act (MHRA).

Danquah's complaint includes six counts alleging claims of employment discrimination;

hostile work environment; intentional infliction of emotional distress; respondeat superior

liability; vicarious liability; and negligent hiring and retention.  Defendants move to

dismiss the amended complaint or for a more definite statement.

## ANALYSIS

### I.       Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a

complaint must allege sufficient facts to state a facially plausible claim to relief.  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  Factual allegations that raise only a speculative right to relief are insufficient.

*Twombly*, 550 U.S. at 555.  On a motion to dismiss, a district court accepts as true all of

---

[1]      Although unclear, it appears that the supervisor referenced in Danquah's allegations
is Defendant Carrie R.

the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But a court does not accept as true legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" fail to state a claim for relief. *Id.* The Court addresses in turn each count in the amended complaint.

### A.      Count I: Employment Discrimination

Count I alleges racial discrimination, in violation of Title VII and the MHRA. *See* 42 U.S.C. § 2000e-2(a)(1); Minn. Stat. § 363A.08. Defendants argue that Danquah fails to plausibly plead a claim under Title VII or the MHRA.

Under both Title VII and the MHRA, to establish a prima facie case of racial discrimination in employment, a plaintiff must show that: (1) the plaintiff is a member of a protected class, (2) the plaintiff met the employer's legitimate expectations, (3) the plaintiff suffered an adverse employment action, and (4) there are facts supporting an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (Title VII); *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 973–74 (8th Cir. 2012) (Title VII and MHRA).

As to the first element, Danquah fails to allege his race, national origin or color anywhere in the amended complaint. Therefore, he fails to plead the first element of a

race-discrimination claim.  Count I can be dismissed on this basis alone.[2]  *See, e.g.*, *Iqbal*, 556 U.S. at 678 (holding that to survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief).

As to the second element, Danquah fails to allege that he met Target's legitimate expectations.  Instead, Danquah alleges that he was put on a performance improvement plan because his productivity was too low, and he alleges this constituted "harassment" because he was not the worst performer.  Even when all reasonable inferences are considered in favor of Danquah, his allegations fail to show that he met Target's legitimate expectations.  Therefore, Danquah also fails to plausibly plead that he met Target's legitimate expectations.

As to the third element, Danquah alleges that his employment was terminated, which is an adverse employment action.  *See Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (observing that termination is an example of an adverse employment action).  In doing so, Danquah plausibly pleads that he suffered an adverse employment action.

Finally, as to the fourth element, Danquah alleges that he was "singled out" for discipline when his Caucasian peers were not.  Danquah also alleges that he was "threatened with termination and forced to walk the dock and speak to junior staff about [Danquah's] deficient performance," whereas his Caucasian peers were not subjected to

---

[2]    The parties' memoranda and declarations establish that Danquah is a black man of Ghanaian origin, but the amended complaint lacks any factual reference to Danquah's race, national origin or color.

the same treatment.  While Danquah is not required to set forth detailed factual allegations, these allegations are insufficient to support an inference of discrimination.  *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").  Danquah's allegations establish only that he had Caucasian peers and that he suffered an adverse employment action for his deficient performance.  The allegations do not clearly support an inference of discrimination.  It is not a district court's role to "conjure up unpled allegations to save a complaint" when an essential element of the plaintiff's claim is not plausibly alleged.  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (internal quotation marks omitted).  Therefore, Danquah fails to plausibly plead facts supporting an inference of discrimination.

Because Danquah fails to plausibly plead the first, second and fourth elements of his race-discrimination claim, the Court grants Defendants' motion to dismiss Count I of the amended complaint.

### B.    Count II: Hostile Work Environment

The factual allegations in Count II, which Danquah labels "Termination: Defendant Due to Race Terminated Plaintiff's Employment," appear to advance a hostile-work-environment claim.  Although Defendants argue that Danquah fails to state a claim under Title VII or the MHRA, Danquah contends that he plausibly pleads a hostile-work-environment claim.

Under both the MHRA and Title VII, to plead a hostile-work-environment claim, a plaintiff must allege that (1) the plaintiff is a member of a protected group, (2) the plaintiff

was subjected to harassment, (3) the harassment was based on the plaintiff's protected status, and (4) the harassment affected a term, condition or privilege of the plaintiff's employment. *See Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1015 n.3, 1018 (8th Cir. 2011). A hostile work environment exists when the workplace is permeated with discriminatory harassment to a degree that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 1018 (internal quotation marks omitted).

The amended complaint alleges that Danquah was "constantly harassed by a female member" of Target's management. Danquah specifically alleges that, on one occasion, the manager blamed Danquah for mistakes that he was not responsible for making. Other than this allegation, Danquah's hostile-work-environment allegations consist of conclusory statements, for example, "Target created intolerable and hostile toxic working conditions" and "Danquah was treated with hostility and apathy and made to feel like he was a second-class citizen." Such barebones allegations fail to plausibly plead that Danquah suffered severe and pervasive harassment at Target. *See Blomker v. Jewell*, 831 F.3d 1051, 1057 (8th Cir. 2016) (imploring district courts to dismiss complaints that only attack the ordinary tribulations of the workplace, such as sporadic use of abusive language, infrequent gender-related jokes, and occasional teasing). Accordingly, the Court grants Defendants' motion to dismiss Count II of the amended complaint.

### C.    Count III: Intentional Infliction of Emotional Distress

Count III alleges a tort claim for intentional infliction of emotional distress. Defendants argue that this claim is preempted by the MHRA.  Danquah disagrees.

The MHRA is the exclusive remedy for acts declared actionable by the MHRA. Minn. Stat. § 363A.04.  The MHRA preempts a common-law cause of action if: "(1) the factual basis and injuries supporting the common law claim also would establish a violation of the MHRA; and (2) the obligations the defendant owes to the plaintiff, as a practical matter, are the same under both the common law and the MHRA." *Radcliffe v. Securian Fin. Grp., Inc.*, 906 F. Supp. 2d 874, 893 (D. Minn. 2012).

The allegations in Count III are based on the same alleged injuries as Danquah's discrimination and hostile-work-environment claims.  And the obligation Target owes to Danquah—the right not to be harmed by a hostile work environment—is the same obligation protected under the MHRA.  *See* Minn. Stat. §§ 363A.04, 363A.08.  For these reasons, Danquah's intentional-infliction-of-emotional-distress claim is preempted by the MHRA.

Accordingly, the Court grants Defendants' motion to dismiss Count III of the amended complaint.

### D.    Counts IV and V: Respondeat Superior and Vicarious Liability

Counts IV and V allege claims for respondeat superior and vicarious liability.  But respondeat superior and vicarious liability are theories of liability, not stand-alone claims for relief.  *Cf. Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998) ("An employer

7

is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."). If Danquah had plausibly alleged either a discrimination claim or a hostile-work-environment claim, he could have asserted these theories of liability while litigating those claims. But theories of liability are not claims in and of themselves. For this reason, Defendants' motion to dismiss Counts IV and V of the amended complaint is granted.

### E.      Count VI: Negligent Hiring

Defendants seek dismissal of Count VI, a negligent-hiring-and-retention claim, on two alternate grounds: because it is preempted by the MHRA or because Danquah fails to plausibly plead the elements of a negligent-hiring-and-retention claim. Danquah responds to neither argument.

The MHRA preempts a common law cause of action if: "(1) the factual basis and injuries supporting the common law claim also would establish a violation of the MHRA; and (2) the obligations the defendant owes to the plaintiff, as a practical matter, are the same under both the common law and the MHRA." *Radcliffe*, 906 F. Supp. 2d at 893.

The allegations in Count VI, the negligent-hiring-and-retention claim, are based on the same injuries as those in Danquah's discrimination and hostile-work-environment claims. Danquah makes no allegations as to how the facts underlying his negligent-hiring claim differ from the facts supporting his discrimination and hostile-work-environment claims. Danquah's negligent hiring claim is preempted by the MHRA because the

obligation Target owes to Danquah is the same under both Danquah's common-law negligent-hiring claim and his MHRA claims. Accordingly, the Court grants Defendants' motion to dismiss Count VI of the amended complaint.[3]

## II.      Motion for a More Definite Statement

Because the Court dismisses all of Danquah's claims for failure to state a claim on which relief can be granted, Defendants' alternative motion for a more definite statement need not be addressed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, (Dkt. 11), is **GRANTED** and the amended complaint, (Dkt. 7), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 19, 2021                                    s/Wilhelmina M. Wright
                                                                        Wilhelmina M. Wright
                                                                        United States District Judge

---

[3]      Even if the claim were not preempted, Danquah fails to plausibly plead a negligent-hiring claim because he fails to allege a physical injury. *See Radcliffe*, 906 F. Supp. 2d at 894–95 ("Negligent [hiring] also requires an allegation of physical injury . . . [and] that the physical harm was reasonably foreseeable to the employer.").